**Richard C. OPPEN, Petitioner—Appellant,**

v.

**Robert MOORE, Respondent—Appellee.**

No. 03–35091.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Dec. 22, 2004.

Richard C. Oppen, Monroe, WA, pro se.

John Joseph Samson, Attorney General's Office, Olympia, WA, for Respondent–Appellee.

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

The district court correctly found that a single incident of vouching by the prosecutor did not so infect the trial with unfairness that Richard Oppen's due process rights were violated. The prosecutor's remarks in this case did not have a "substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation and quotation omitted), when viewed in the context of the entire trial, *United States v. Young*, 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).

■ Two of the remarks that Oppen complains of do not constitute vouching. First, when the prosecutor conceded that co-defendants Abrahamson and Fulton probably had a reason to lie because of the plea bargain, but urged the jury to examine other evidence indicating these witnesses were telling the truth, the prosecutor did not inject her personal opinion or reference to evidence outside of the record. Thus, this remark did not constitute vouching under *Young*. 470 U.S. at 8, 18–19, 105 S.Ct. 1038. The prosecutor's second statement—that sometimes plea bargains happen and the jury should hold the plea bargains against her and her office—merely explained the role of plea bargains

and did not express an opinion about the witnesses' credibility. Thus, it also did not constitute vouching.

■ Although the prosecutor's statement, "I think it was because they were telling the truth," was improper vouching, this sole isolated remark did not rise to a due process violation. Given defense counsel's extensive attack on the credibility of all three witnesses who testified against Oppen pursuant to plea bargains, and the jury's question during deliberations about the plea bargains, which showed they were weighing these witnesses' credibility, it cannot be said that the Washington State Court of Appeals unreasonably applied Supreme Court law in concluding that the one remark did not prejudice Oppen.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.